**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50905
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANNY RAY HARRIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-69-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Danny Ray Harris has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Harris filed an untimely response. It is unnecessary to decide whether leave should be granted to file the untimely response because Harris does not raise a nonfrivolous issue for appeal. Harris contends that the drug quantity attributed to him increased the statutory maximum for his crime and, therefore, had to be proven to a jury or admitted by him in accordance with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, Harris was charged with violating 21 U.S.C. § 841(a)(1); the indictment specified the penalty provisions of § 841(b)(1)(C). A defendant's possession with the intent to distribute any quantity of methamphetamine satisfies that section. Under Harris's guilty plea, then, his statutory maximum was twenty years. His sentence of 108 months, then, does not violate *Apprendi.*

Harris also raises the issue of ineffective assistance of counsel. "[T]he general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 129 S. Ct. 159 (2008). Accordingly, this claim would not be addressed on this direct appeal.

Finally, Harris contends that the district court did not make sufficient findings with respect to the amount of drugs that Harris was held responsible for as relevant conduct to his sentence. After debating the facts and being asked to accept the sentence range set forth in the presentence report, the court adopted the recommendation of the probation officer. As Harris concedes, he would be required to show plain error in the court's findings. He has no nonfrivolous basis to do so. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).

We have also conducted an independent review. Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.